1
2
3
4
5

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

6

Attorneys for Plaintiff

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

**Terry Hubbard**,

       Plaintiff,

  v.

**Andy's Donuts, Inc.,** a California
Corporation; and Does 1-10,

      Defendants.

**Case No**.

**Complaint For Damages And
Injunctive Relief For Violations
Of:** American's With Disabilities
Act; Unruh Civil Rights Act

17

18

19

20

Plaintiff Terry Hubbard complains of Andy's Donuts, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

21

**PARTIES:**

22

23

24

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy and uses a wheelchair for mobility.

25

26

2. Defendant Andy's Donuts, Inc. owned Andy's Donuts located at or about 10127 S. Avalon Blvd., Los Angeles, California, in November 2019.

27

28

3. Defendant Andy's Donuts, Inc. owns Andy's Donuts located at or about 10127 S. Avalon Blvd., Los Angeles, California, currently.

Complaint

1   4.   Plaintiff does not know the true names of Defendants, their business

2   capacities, their ownership connection to the property and business, or their

3   relative responsibilities in causing the access violations herein complained of,

4   and alleges a joint venture and common enterprise by all such Defendants.

5   Plaintiff is informed and believes that each of the Defendants herein,

6   including Does 1 through 10, inclusive, is responsible in some capacity for the

7   events herein alleged, or is a necessary party for obtaining appropriate relief.

8   Plaintiff will seek leave to amend when the true names, capacities,

9   connections, and responsibilities of the Defendants and Does 1 through 10,

10   inclusive, are ascertained.

11

12   **JURISDICTION & VENUE:**

13   5.   The Court has subject matter jurisdiction over the action pursuant to 28

14   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

15   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16   6.   Pursuant to supplemental jurisdiction, an attendant and related cause

17   of action, arising from the same nucleus of operative facts and arising out of

18   the same transactions, is also brought under California's Unruh Civil Rights

19   Act, which act expressly incorporates the Americans with Disabilities Act.

20   7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

21   founded on the fact that the real property which is the subject of this action is

22   located in this district and that Plaintiff's cause of action arose in this district.

23

24   **FACTUAL ALLEGATIONS:**

25   8.   Plaintiff went to Andy's Donuts in November 2019 with the intention

26   to avail himself of its goods, motivated in part to determine if the defendants

27   comply with the disability access laws.

28   9.   Andy's Donuts is facility open to the public, a place of public

2

Complaint

1    accommodation, and a business establishment.

2        10. Unfortunately, on the date of the plaintiff's visit, the defendants failed

3    to provide accessible paths of travel leading to the ATM machine in

4    conformance with the ADA Standards as it relates to wheelchair users like the

5    plaintiff.

6        11. On information and belief, the defendants currently fail to provide

7    accessible paths of travel leading to the ATM machine.

8        12. These barriers relate to and impact the plaintiff's disability. Plaintiff

9    personally encountered these barriers.

10        13. By failing to provide accessible facilities, the defendants denied the

11    plaintiff full and equal access.

12        14. The failure to provide accessible facilities created difficulty and

13    discomfort for the Plaintiff.

14        15. The defendants have failed to maintain in working and useable

15    conditions those features required to provide ready access to persons with

16    disabilities.

17        16. The barriers identified above are easily removed without much

18    difficulty or expense. They are the types of barriers identified by the

19    Department of Justice as presumably readily achievable to remove and, in fact,

20    these barriers are readily achievable to remove. Moreover, there are numerous

21    alternative accommodations that could be made to provide a greater level of

22    access if complete removal were not achievable.

23        17. Plaintiff will return to Andy's Donuts to avail himself of its goods and to

24    determine compliance with the disability access laws once it is represented to

25    him that Andy's Donuts and its facilities are accessible. Plaintiff is currently

26    deterred from doing so because of his knowledge of the existing barriers and

27    his uncertainty about the existence of yet other barriers on the site. If the

28    barriers are not removed, the plaintiff will face unlawful and discriminatory

3

Complaint

1    barriers again.

2       18. Given the obvious and blatant nature of the barriers and violations

3    alleged herein, the plaintiff alleges, on information and belief, that there are

4    other violations and barriers on the site that relate to his disability. Plaintiff will

5    amend the complaint, to provide proper notice regarding the scope of this

6    lawsuit, once he conducts a site inspection. However, please be on notice that

7    the plaintiff seeks to have all barriers related to his disability remedied. See

8    Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

9    encounters one barrier at a site, he can sue to have all barriers that relate to his

10   disability removed regardless of whether he personally encountered them).

11

12   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

13   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

14   Defendants.) (42 U.S.C. section 12101, et seq.)

15      19. Plaintiff re-pleads and incorporates by reference, as if fully set forth

16   again herein, the allegations contained in all prior paragraphs of this

17   complaint.

18      20. Under the ADA, it is an act of discrimination to fail to ensure that the

19   privileges, advantages, accommodations, facilities, goods and services of any

20   place of public accommodation is offered on a full and equal basis by anyone

21   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

22   § 12182(a). Discrimination is defined, inter alia, as follows:

23              a. A failure to make reasonable modifications in policies, practices,

24                 or procedures, when such modifications are necessary to afford

25                 goods, services, facilities, privileges, advantages, or

26                 accommodations to individuals with disabilities, unless the

27                 accommodation would work a fundamental alteration of those

28                 services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

Complaint

1        b. A failure to remove architectural barriers where such removal is

2          readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

3          defined by reference to the ADA Standards.

4        c. A failure to make alterations in such a manner that, to the

5          maximum extent feasible, the altered portions of the facility are

6          readily accessible to and usable by individuals with disabilities,

7          including individuals who use wheelchairs or to ensure that, to the

8          maximum extent feasible, the path of travel to the altered area and

9          the bathrooms, telephones, and drinking fountains serving the

10         altered area, are readily accessible to and usable by individuals

11         with disabilities. 42 U.S.C. § 12183(a)(2).

12  21. When a business provides paths of travel, it must provide accessible

13  paths of travel.

14  22. Here, accessible paths of travel have not been provided.

15  23. The Safe Harbor provisions of the 2010 Standards are not applicable

16  here because the conditions challenged in this lawsuit do not comply with the

17  1991 Standards.

18  24. A public accommodation must maintain in operable working condition

19  those features of its facilities and equipment that are required to be readily

20  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

21  25. Here, the failure to ensure that the accessible facilities were available

22  and ready to be used by the plaintiff is a violation of the law.

23

24  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

25  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

26  Code § 51-53.)

27  26. Plaintiff repleads and incorporates by reference, as if fully set forth

28  again herein, the allegations contained in all prior paragraphs of this

Complaint

1    complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

2    that persons with disabilities are entitled to full and equal accommodations,

3    advantages, facilities, privileges, or services in all business establishment of

4    every kind whatsoever within the jurisdiction of the State of California.  Cal.

5    Civ. Code §51(b).

6        27. The Unruh Act provides that a violation of the ADA is a violation of the

7    Unruh Act.  Cal. Civ. Code, § 51(f).

8        28. Defendants' acts and omissions, as herein alleged, have violated the

9    Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

10   rights to full and equal use of the accommodations, advantages, facilities,

11   privileges, or services offered.

12       29. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

13   discomfort or embarrassment for the plaintiff, the defendants are also each

14   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

15   (c).)

16

17       **PRAYER**:

18       Wherefore, Plaintiff prays that this Court award damages and provide

19   relief as follows:

20       1. For injunctive relief, compelling Defendants to comply with the

21   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

22   plaintiff is not invoking section 55 of the California Civil Code and is not

23   seeking injunctive relief under the Disabled Persons Act at all.

24       2. Damages under the Unruh Civil Rights Act, which provides for actual

25   damages and a statutory minimum of $4,000 for each offense.

26

27

28

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2 to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4 Dated: December 4, 2019      CENTER FOR DISABILITY ACCESS

5

6      By:

7      _____

8           Russell Handy, Esq.
          Attorney for plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint